Mathew Higbee, Bar #: 11158,
3110 West Cheyenne Ave., Ste. 200
North Las Vegas, NV 89032
T: (714) 600-8085
F: (866) 534-7049
Email: Mhigbee@higbeeassociates.com

Attorney for Plaintiff,
PEDRO SALAZAR

**UNITED STATES DISTRICT COURT**
**NEVADA DISTRICT COURT**

| | |
|---|---|
| PEDRO SALAZAR<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant's | Case No. **2:20-cv-2275**<br><br>**PLAINTIFFS COMPLAINT and JURY DEMAND** |

NOW COMES Plaintiff, PEDRO SALAZAR ("Plaintiff"), by and through their attorneys, hereby alleging the following against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") (Defendant):

**Nature of the Action**

1.  This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2.  Plaintiff is a natural person at all times relevant residing in Clark County, in Morris Las Vegas, Nevada.

1

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant is a corporation conducting business in the State of Nevada and is headquartered in Atlanta, Georgia.

5. Defendant is a "person" and a "consumer reporting agency" ("CRA"), as those terms are defined 15 U.S.C. §§ 1681a(b) and 1681a(f), respectively.

6. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. §1681(d), to third parties.

## Jurisdiction and Venue

7. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

9. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant who has suffered particularized and concrete harm.

10. CRAs, including Defendant, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

11. On or about December 26, 2017, Plaintiff and CAPITAL ONE, a non-party to this action, entered into a settlement agreement regarding an outstanding account. The terms of the agreement called for the balance to be settled and paid off by October 23, 2019.

12. On or around, September 23, 2019, Plaintiff satisfied the settlement terms and paid the amount required under the terms of the agreements.

13. On or about May 6, 2020 and again on July 27, 2020, Plaintiff received a copy of his credit report.

14. Despite Plaintiff's performance under the terms of the agreement, Defendant continued reporting incorrect information respecting the Capital One account.

15. Specifically, EXPERIAN reported that the Account had a balance after Plaintiff satisfied the terms of the agreement and a past due amount.

16. Finding these material terms to be inaccurate, on or about May 6, 2020 and again on July 27, 2020, Plaintiff issued a dispute to all three CRAs regarding the incorrect information being reported on the Account.

17. Pursuant to its responsibility in 15 U.S.C. § 1681i, EXPERIAN was required to notify CAPITAL ONE of Plaintiff's dispute.

18. Upon information and belief, EXPERIAN failed to notify CAPITAL ONE of the dispute, in violation of its statutory duties.

19. The aforementioned information reported by Defendant regarding the Account is inaccurate or otherwise misleading, as the Account was settled, and Plaintiff made agreed-upon payments.

20. Further, after receiving Plaintiff's dispute concerning the inaccurate information

of the Account, Defendant was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

21.     If the Defendant would have complied with its statutory duties, incorrect Information concerning the Account would not have been reported despite notice from Plaintiff.

22.     As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

## COUNT I
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

25.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

26.     After receiving Plaintiff's dispute, Defendant failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

27.     Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that Defendant published and maintained concerning Plaintiff.

28.     As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

29.     Defendant's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

30. In the alternative, Defendant was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

31. Plaintiff is entitled to recover costs and attorneys' fees from Defendant, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

33. After receiving Plaintiff's dispute, Defendant failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

34. Defendant violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

35. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36. Defendant's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

37. In the alternative, Defendant was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

38. Plaintiff is entitled to recover costs and attorneys' fees from Defendant pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: December 16, 2020

Respectfully submitted,

By: */s/ Mathew Higbee*
Mathew Higbee, Bar # 11158,
3110 West Cheyenne Ave
North Las Vegas, NV 89032
T: (714) 600-8085
F: (866) 534-7049
Email: Mhigbee@higbeeassociates.com

*Attorney for Plaintiff, Pedro Salazar*